[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13870
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00865-MMH-TEM

THOMAS RENALDO JONES,

                                             Plaintiff - Appellant,

versus

S. L. BROWN,
Detective, 7742,
J. S. HANSON,
Detective, 63165,
R. B. COLE,
Detective, 7777,
D. J. PERROTTI,
Detective, 6703,
J. D. CATIR,
Detective, 19267, et al.,

                                             Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 25, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Thomas Jones, proceeding *pro se*, appeals the district court's denial of his motion for a preliminary injunction in a civil rights action Jones pursued under 42 U.S.C. § 1983.[1] For the reasons that follow, we affirm.

In August 2011, Jones sued six officers of the Jacksonville Sheriff's Office, alleging that, during his arrest and detention earlier that year, the defendants severely beat him and denied him medical treatment. He thereafter moved for a preliminary injunction against the defendants, contending that he had reason to fear, upon his release from custody, retaliation from the defendants against him and his children. The district court denied the motion because Jones failed to comply with Federal Rule of Civil Procedure 65 and the local rules of the Middle District of Florida. Jones appealed.[2]

We review the district court's denial of a preliminary injunction for an abuse of discretion. *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir.

---

[1] To the extent Jones also seeks review of the district court's denial of his motion for a temporary restraining order, we lack jurisdiction to do so. *See Ingram v. Ault*, 50 F.3d 898, 899 (11th Cir. 1995).

[2] In his appellate brief, Jones requests that we appoint counsel. We decline to do so because the case does not present the exceptional circumstances we require to appoint counsel in a civil action. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("Appointment of counsel in civil cases is . . . a privilege 'justified only by exceptional circumstances,' such as the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" (alteration in original) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987))).

2001). Although we hold *pro se* pleadings to a less stringent standard than those prepared by counsel, even *pro se* litigants must conform to procedural pleading rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The district court correctly determined that Jones failed to follow Rule 65(c) and Middle District of Florida Local Rules 4.05 and 4.06. Rule 65(c) provides that a district court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined . . . ." Fed. R. Civ. P. 65(c). Jones did not provide any such security, and the district court was unable to discern what amount was proper under Rule 65(c) because Jones failed to adequately "set forth facts on which the Court [could] make a reasoned determination as to the amount of security which must be posted . . . ." M.D. Fla. R. 4.05(b)(3)(ii), 4.06(b)(1). Because Jones failed to comply with these procedural requirements, the district court was correct to deny Jones's motion for a preliminary injunction.[3]

**AFFIRMED.**

---

[3] Because we conclude the district court properly denied Jones's motion based on his failure to comply with procedural requirements, we do not address the court's alternative conclusion that Jones's motion fails on the merits.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 25, 2013

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-13870-CC
Case Style: Thomas Jones v. S. L. Brown
District Court Docket No: 3:11-cv-00865-MMH-TEM

On April 1, 2013, this Court began **MANDATORY electronic filing.** All counsel are required to file documents electronically in appeals pending on April 1, 2013, and in appeals docketed in this Court on or after that date, unless exempted for good cause. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs